**LORI HARPER SUEK**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Avenue North, Ste. 3200**
**Billings, Montana 59101**
**Phone:      (406) 657-6101**
**FAX:        (406) 657-6989**
**Email:       Lori.Suek@usdoj.gov**


**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 25-15-GF-BMM** |
| **Plaintiff,** | **PLEA AGREEMENT** |
| **vs.** | **(Fed. R. Crim. P.** |
| **JASON LEE WISE SPIRIT,** | **11(c)(1)(A) and (B))** |
| **Defendant.** | |

     Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Lori Harper Suek, Assistant United States

Attorney for the District of Montana, the defendant, Jason Lee Wise Spirit, and the

defendant's attorney, Clark Mathews, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to a superseding information charging two counts of sexual abuse, in violation of 18 U.S.C. §§ 1153(a) and 2242(1). This crime carries a penalty of life imprisonment, a $250,000 fine, five years to lifetime supervised release, and a $100 special assessment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rules 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss, the indictment, and b) makes the recommendations provided below. The defendant understands that, if the Court accepts the agreement, and the Court dismisses the indictment, there will not be an automatic right to withdraw the plea, even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charges contained in the superseding information. In pleading guilty, the defendant acknowledges that:

VKN  ce4  cM  5/9/2025
AUSA  DEF  ATTY  Date

## COUNT 1

Beginning in or about 2018 and continuing through in or about 2021, at Wolf Point, in Roosevelt County, in the State and District of Montana, and within the exterior boundaries of the Fort Peck Indian Reservation, being Indian Country, the defendant, JASON LEE WISE SPIRIT, an Indian person, knowingly caused Jane Doe 1 to engage in a sexual act by placing Jane Doe 1 in fear, in violation of 18 U.S.C. §§ 1153(a) and 2242(1).

## COUNT 2

Beginning in or about 2018 and continuing through in or about 2020, at Wolf Point, in Roosevelt County, in the State and District of Montana, and within the exterior boundaries of the Fort Peck Indian Reservation, being Indian Country, the defendant, JASON LEE WISE SPIRIT, an Indian person, knowingly caused Jane Doe 2 to engage in a sexual act by placing Jane Doe 2 in fear, in violation of 18 U.S.C. §§ 1153(a) and 2241(1).

The elements of the offense of sexual abuse:

**First,** the defendant is an Indian person;

**Second,** the defendant caused the victims to engage in a sexual act by placing them in fear; and

**Third**, the crimes occurred in Indian country.

5. **Waiver of Rights by Plea:**

    (a)    The defendant is entitled to have the charges outlined in

paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12

or more members of a legally constituted grand jury, consisting of not less than

16 and not more than 23 members.

(b)    The government has a right to use against the defendant, in a

prosecution for perjury or false statement, any statement given under oath during

the plea colloquy.

(c)    The defendant has the right to plead not guilty or to persist in

pleas of not guilty.

(d)    The defendant has the right to a jury trial unless, by written

waiver, the defendant consents to a non-jury trial.  The United States must also

consent, and the Court must approve a non-jury trial.

(e)    The defendant has the right to be represented by counsel and, if

necessary, have the Court appoint counsel at trial and at every other stage of these

proceedings.

(f)    If the trial is a jury trial, the jury would be composed of 12

laypersons selected at random.  The defendant and the defendant's attorney would

have a say in who the jurors would be by removing prospective jurors for cause

where actual bias or other disqualification is shown, or without cause by exercising

peremptory challenges.  The jury would have to agree unanimously before it could

return a verdict of either guilty or not guilty.  The jury would be instructed that the

defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

    (g)    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

    (h)    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

    (i)    At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

    (j)    If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

VhN   c/LLS  cM   5/9/2025

AUSA    DEF    ATTY    Date                                  

(k)    The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l)    If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

**6.    Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.

The parties reserve the right to make any other arguments at the time of sentencing.    The defendant understands that the Court is not bound by this recommendation.

**7.    Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

**8.    Appeal Waiver:**  The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case.  18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255.  Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release.  This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction.  This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.  In that event, this waiver does not apply and the defendant may appeal the sentence imposed

VMM    ƒ   cm    5/9/2025
AUSA    DEF    ATTY    Date                                                    Page 7

upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the Court.

9.      **Voluntary Plea:**  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that the parties freely and voluntarily endorse this agreement.

10.     **Detention After Plea:**  The defendant acknowledges that he will be detained pending sentencing.

11.     **Breach:**  If the defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

///

///

///

///

///

///

///

///

///

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|

**12.     Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement, are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition that is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

LORI HARPER SUEK
Assistant U. S. Attorney
Date: 5/9/2025

JASON LEE WISE SPIRIT
Defendant
Date: 05-09-2025

CLARK MATHEWS
Defense Counsel
Date: 5.9.25